**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**JAMILA K. BARNES**                                                              **PLAINTIFF**

**VERSUS**                                              **CAUSE NO.**  1:19CV007-DMB-DAS

**NORTH MISSISSIPPI MEDICAL CENTER, INC.**                          **DEFENDANT**

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

This is an action to recover actual and punitive damages under the Americans with Disabilities Act.  The following facts support this action:

1.

Plaintiff JAMILA K. BARNES is an adult resident citizen of 3193 Winchester Circle, Tupelo, Mississippi 38801.

2.

Defendant NORTH MISSISSIPPI MEDICAL CENTER, INC. ("NMMC") is a Delaware non-profit corporation.  Defendant may be served with process upon its registered agent, Bruce J. Toppin, 830 South Gloster Street, Tupelo, Mississippi 38801.  Defendant is an employer within the meaning of the Americans with Disabilities Act.

00332862.WPD

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, and civil rights jurisdiction under 28 U.S.C. §1343, and has jurisdiction under the Americans with Disabilities Act Amendments Act ("ADAAA"), 42 U.S.C. § 12101, *et. seq.*

4.

Plaintiff has filed an EEOC charge, attached hereto as Exhibit "A," and has received the right to sue letter, attached hereto as Exhibit "B."

5.

Plaintiff was employed by Defendant for approximately one year as a nursing assistant. Plaintiff has been a nursing assistant since she was a teenager.

6.

On August 2, 2017, Plaintiff suffered substantial personal injuries when she was assaulted by a mentally-ill patient. Defendant directed Plaintiff to see its own internally-employed doctor, who stated that she only had minor injuries.

7.

Within approximately two (2) hours, Plaintiff fainted, and was hospitalized, including being in intensive care for one day. She was hospitalized for one week.

8.

Plaintiff then saw a second doctor, Dr. Tyrongilia Walton, who put Plaintiff on light-duty throughout September and October 2017. Plaintiff's new doctor, Dr. Walton, and physical therapists employed by Defendant that Plaintiff was seeing, disagreed as to whether Plaintiff should return to work. Dr. Walton gave Plaintiff a release to return to work, although Plaintiff was not physically

able to return to work. In November 2017, however, Plaintiff's charge nurse and another registered nurse observed Plaintiff in pain, and not able to perform her nursing assistant duties without assistance.

9.

Plaintiff asked her supervisor, Wendy Tricky, about transferring to a unit coordinator's position and the supervisor declined this request. There are always unit coordinator positions available at Defendant's hospital. The supervisor told Plaintiff that she could not continue to work as a nursing assistant because she was unable to perform the job duties. In the meantime, Plaintiff was taken off work, but called in faithfully every day. Plaintiff would have been able to continue to work full-time had Defendant either given Plaintiff a unit coordinator's position which she requested or engaged in an interactive process with Plaintiff in order to find her some other job which she could perform until she was well enough to her duties as a nursing assistant.

10.

On or about January 4, 2018, Defendant wrote Plaintiff the letter attached hereto as Exhibit "C," notifying Plaintiff that she was terminated for failing to work on December 24, 2017, December 26, 2017, and January 1, 2018. Those days were not regularly-scheduled days of work for Plaintiff. In any event, Plaintiff was off work at Defendant's direction at that time.

11.

Plaintiff has been discriminated against on grounds of her disability. Specifically, Plaintiff has been discharged because she has a disability which affects her ordinary life functions (ability to lift, ability to hold objects, ability to walk), and has a history of such a disability, and is regarded as having a disability. Further, Defendant discriminated against Plaintiff in violation of the ADAAA

by failing to provide her a reasonable accommodation by moving her to a vacant position and also failed to engage in an interactive process with her in an effort to find her other employment.

12.

Plaintiff has suffered lost income and mental anxiety and stress as a result of Defendant's actions.

## REQUEST FOR RELIEF

Plaintiff requests actual and punitive damages, in an amount to be determined by a jury, reinstatement, and reasonable attorneys' fees, costs, and expenses.

RESPECTFULLY SUBMITTED, this the 8th day of January, 2019.

JAMILA K. BARNES, Plaintiff

By:     */s/ Jim Waide*_____
        Jim Waide, MS Bar No. 6857
        waide@waidelaw.com
        WAIDE & ASSOCIATES, P.A.
        332 North Spring Street
        Tupelo, MS  38804-3955
        Post Office Box 1357
        Tupelo, MS  38802-1357
        (662) 842-7324 / Telephone
        (662) 842-8056 / Facsimile

        ATTORNEY FOR PLAINTIFF

STATE OF MISSISSIPPI

COUNTY OF LEE

PERSONALLY came and appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named JAMILA K. BARNES, who, after being first duly sworn, states under oath that the facts contained in the above and foregoing COMPLAINT are true and correct as stated therein.

_____
JAMILA K. BARNES

GIVEN under my hand and official seal of office on this the 4th day of January, 2018.

_____
NOTARY PUBLIC

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 60426
SHANNA COWSERT WRIGHT
(Commission Expires
July 1, 2022
PONTOTOC COUNTY

My Commission Expires:

July 1, 2022